[L. A. No. 2906. Department One.—June 4, 1912.]

## M. J. NOLAN, Appellant, v. ESTHER L. HYATT et al., Respondents.

COMMUNITY PROPERTY—LAND STANDING IN NAME OF WIFE—CONVEY-
ANCE BY HUSBAND—ACTION TO COMPEL CONVEYANCE BY WIFE—
JUDGMENT DETERMINING CHARACTER OF LAND—ESTOPPEL.—In an
action against a husband and wife, to obtain a decree requiring the
wife to convey to the plaintiff the legal title to land standing in
her name, on the theory that the same constituted community prop-
erty of herself and her husband, and that he is the equitable owner
thereof by reason of a conveyance thereof from the husband to
himself, in which the court found, in accordance with the allega-
tions in the cross-complaint of the wife, that the property was her
separate property and was free of all just claims on the part of
either the plaintiff or her husband, a judgment in a former action
brought by the plaintiff, after the conveyance by the husband, to
quiet his title against the wife, in which the court found, in accord-
ance with issues raised by the pleadings, that the property was com-
munity property, and that the wife held it solely in the capacity of
trustee for the marital community, but that the plaintiff was not
the owner of the legal title, and was not entitled to take anything
by the action, operates, as between the plaintiff and the wife, to
estop her from asserting that the property was not community prop-
erty of her husband and herself, and also operates to estop the
plaintiff from claiming, as between himself and the wife, that he
acquired the legal title to the property by reason of the deed from
the husband, or in any other way.

ID.—EXCLUSION OF PRIOR JUDGMENT NOT PREJUDICIAL—ABSENCE OF
CONSIDERATION FOR CONVEYANCE BY HUSBAND.—The exclusion on the
trial of the second action of the judgment in the former, does not
necessitate a reversal of the judgment therein in so far as it denied
the plaintiff any relief against the wife, where it appears that the

CLXIII Cal.—1 (1)

plaintiff never paid or tendered any substantial consideration for the deed from the husband.

ID.—CONSIDERATION ESSENTIAL TO EQUITABLE OWNERSHIP—WIFE MAY SHOW WANT OF CONSIDERATION FOR HUSBAND'S CONVEYANCE.—The plaintiff, notwithstanding the execution of the deed by the husband, could not become the equitable owner of the community property standing in the name of the wife, without the payment or tender of some substantial consideration therefor, and the wife, in the absence of anything in the record of the former action estopping her from showing that the plaintiff had not become such equitable owner, could show such want of consideration in opposition to his claim of equitable ownership.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial: Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Avery & French, for Appellant.

E. W. Freeman, A. D. Laughlin, and F. S. Yager, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment in favor of defendant Esther L. Hyatt, and from an order denying his motion for a new trial.

The action was one brought by plaintiff against the defendants, who are husband and wife, to obtain a decree requiring defendant Esther L. Hyatt to convey to him the legal title to certain real property standing in her name, on the theory that the same constituted community property of herself and her husband, and that he (plaintiff) is the owner in equity thereof by reason of a conveyance thereof from the husband to himself. The property consists of about five acres of land, with the improvements thereon, situate in Los Angeles County. By answers and cross-complaints the defendants severally denied various allegations of the complaint, and defendant Esther L. Hyatt set up the claim that the property was her separate property and was free of all just claims on the part of either plaintiff or her husband, while the defendant W. J. Hyatt, denying all claims of plaintiff, set up the claim that the property is the community property of himself and wife,

free of all just claims by plaintiff. Plaintiff answered the cross-complaints of both Mr. and Mrs. Hyatt, denying the allegations thereof and asserting that the conveyance to Mrs. Hyatt was in trust for the marital community, and that by reason of the conveyance from Mr. Hyatt he was the equitable owner thereof. He further set up as a bar to the cross-complaint of Mrs. Hyatt the proceedings and judgment in a former action brought by him against her to quiet his title to the property, which will be referred to hereafter. The trial court found that the property was the separate property of Mrs. Hyatt from the time of its acquirement in the year 1898, that Mr. Hyatt never conveyed for a valuable consideration or any consideration the title to said property to plaintiff, that plaintiff never was the ''equitable or any owner'' of said property or any part thereof, and that Mrs. Hyatt was not estopped by the proceedings and judgment alleged in plaintiff's answer to her cross-complaint from asserting her claims in this regard. It further found that certain agreements were entered into between Mr. Hyatt and the plaintiff, whereby Hyatt agreed to sell the property to plaintiff for eight thousand dollars ''whenever title to the same shall be perfected in the plaintiff,'' the plaintiff agreeing to deed to Mrs. Hyatt a small portion thereof, and to move a house thereon and improve the same at a cost of seven hundred dollars or eight hundred dollars; that on May 24, 1905, Mr. Hyatt, by his attorney in fact, conveyed the property to plaintiff by a bargain and sale deed, and that the plaintiff on the next day executed a memorandum acknowledging receipt of this conveyance, and ''that said conveyance is received by me for the purpose of perfecting title to said premises in me''; that the plaintiff never did pay any consideration whatever for said conveyance until November, 1905, when he paid Mr. Hyatt one hundred dollars, which sum was subsequently tendered back to plaintiff by Hyatt, and has been deposited in court for him.

Judgment was given to the effect that plaintiff take nothing, that defendant William J. Hyatt take nothing, and that defendant Esther L. Hyatt have judgment against both plaintiff and said William J. Hyatt declaring her to be the sole owner of the property, free of ''all claims, demands or pretensions of'' plaintiff and said William J. Hyatt, or either

of them.   Mr. Hyatt did not join in the motion for a new trial and has not appealed from the judgment.

The principal question presented by appellant's opening brief is as to the effect of the proceedings and judgment in the former action.   It was not claimed that the evidence was not sufficient to support the findings above referred to, if such proceedings and judgment are excluded from consideration.   The trial court sustained respondent's objection to the introduction in evidence of the judgment-roll in said action. The ruling of the trial court sustaining this objection and the alleged prejudicial effect thereof are the important matters discussed in appellant's brief.

The former action was an action by plaintiff against Mrs. Hyatt and her son (the husband not being made a party) to quiet his alleged title in fee to said property, instituted after he had received the conveyance from Mr. Hyatt that is relied on in this action.   The complaint contained two counts, the first being in the usual form of a complaint in an action to quiet title, and the second setting up in addition to the usual allegations of ownership and adverse claim the charge that upon its purchase by Mr. Hyatt, the property was paid for out of community funds; that while the conveyance was made to Mrs. Hyatt she received it as community property, and that subsequently Mr. Hyatt conveyed the property to him.   He asked for a decree quieting his title against the defendants.   By her answer in that action, Mrs. Hyatt denied that plaintiff was the owner of the property, or that Mr. Hyatt had conveyed the same to him, or that she ever received the title to the same as community property. By cross-complaint she alleged that she received the title to the property as her separate property and estate, and had ever since held the same as such and was in possession thereof. She asked for a decree declaring her to be the sole owner of the property.   The plaintiff answered this cross-complaint, reiterating his claim as to the community character of the property.   The findings of the trial court were in favor of plaintiff upon the issues as to the character of the property. The court also found that on May 24, 1905, Mr. Hyatt "executed a deed of grant of said premises to M. J. Nolan, the plaintiff herein."   The court, however, concluded upon these facts so found that the legal title was in Mrs. Hyatt "in

trust for the benefit of the marital community of herself and her husband," and that plaintiff was not the owner of the legal title. Judgment was given "that plaintiff take nothing by this action, and the defendants take nothing by or under the cross-complaint filed herein," and that defendants recover their costs. Apparently no appeal was ever taken from this judgment.

We can see no reason for doubting that as between plaintiff and Mrs. Hyatt, the proceedings and judgment in the former action estopped Mrs. Hyatt from asserting that the property was not community property of her husband and herself. By her cross-complaint in that action, she sought a decree quieting her title to the property, claiming by her allegations that the same was in fact her separate property. Issue having been joined on these allegations by an answer to the cross-complaint, the trial court found against her, and by its judgment denied her any relief under her cross-complaint. It thus appears to have been directly adjudged in what was, in fact, an action by Mrs. Hyatt against plaintiff to have it determined that she was the owner of this property, free of all claim on the part of plaintiff, that the property was, in fact, community property of herself and her husband, and that she held it solely in the capacity of trustee for the marital community. Relief was denied her in the former action on that ground. It is unnecessary to cite authorities as to the conclusive effect of such proceedings and judgment in so far as this question of fact was concerned. In his written opinion, filed in deciding this case, the learned judge of the trial court, apparently conceding that the reasons actuating him in the exclusion of the judgment-roll were not sound, said: "Hence, it appears that the question whether or not Mrs. Hyatt held the title to the property in trust or absolutely in her own right was directly put in issue by her cross-complaint and the answer thereto. And the judgment having been against her on this issue, none of the facts involved and necessary to support that judgment can again be the subject of litigation between the same parties or their successors in interest. The court cannot again hear evidence of the matter—it was forever settled in the former case." (See, also, Code Civ. Proc. sec. 1908.) If the judgment-roll had been admitted in evidence, it would have necessitated

contrary findings on the question of the character of this property, and such findings would have precluded the relief demanded by Mrs. Hyatt's cross-complaint, so far as plaintiff Nolan is concerned.

But it does not follow, as we view the matter, that this conclusion requires a reversal of the judgment in so far as such judgment denies plaintiff any relief in this action against Mrs. Hyatt. The judgment-roll of the former action offered by plaintiff in evidence would have undoubtedly shown him to be estopped to urge that he had acquired the legal title to the property. The judgment, following the conclusion of law that the plaintiff is not the owner of the legal title, ordered "that plaintiff take nothing by this action." Whether erroneous or not, here was clearly an adjudication as between plaintiff and Mrs. Hyatt that plaintiff did not acquire the legal title to the property by virtue of the deed from Mr. Hyatt to him or in any other way, which forever concludes that question so far as they are concerned. Recognizing the effect of this judgment, plaintiff seeks in this action a decree compelling the conveyance of the property to him upon the theory that he is the owner in equity of the property, and therefore entitled to a conveyance of the legal title. To show such ownership he alleges the same deed from the husband that was relied upon in the former action as constituting a conveyance of the legal title, alleging further that the same was given "for a valuable consideration" and constituted a conveyance of the property to him, and that he "now is the equitable owner of said premises." There is nothing in the record of the former action that should be held to estop Mrs. Hyatt from showing that plaintiff has not become the owner in equity of the community property here involved, notwithstanding the execution of the deed by Mr. Hyatt to him. As the wife, regardless of her adjudged capacity as trustee of the property for the benefit of the marital community, she has sufficient interest in the community property standing in her name to warrant her in opposing the claim that plaintiff has become the owner thereof in equity and that she be required to convey the legal title thereto to plaintiff. We do not see how plaintiff can be held to have become the owner in equity of this valuable property without having in fact paid some substantial consideration

therefor or at least having made a tender of such considera-
tion.  The trial court found that plaintiff did not pay any
consideration whatever for said conveyance until November,
1905, (six months thereafter and long after the commence-
ment of his original action to quiet title), when he handed
to Mr. Hyatt a check for one hundred dollars on account of
the eight thousand dollars which was the agreed price.  All
this is shown by evidence without conflict.  It does not ap-
pear that any tender of any other portion of the purchase
price was ever made, and, in fact, no part of the purchase
price was due under the agreements, until the title should
have been perfected in plaintiff.  No offer was made in the
complaint in this action to pay the purchase price as a con-
dition precedent to judgment requiring a conveyance or at
all.  Plaintiff's theory simply was that by virtue of the deed
to him and his promise to pay for the property when he should
have obtained a decree perfecting his title, or other disposition
of all claims of Mrs. Hyatt, he became the owner in equity
of the property, entitled to compel a conveyance of the legal
title by Mrs. Hyatt.  If plaintiff did not obtain the legal
title by virtue of the deed from Mr. Hyatt, which, as we have
seen, is conclusively established against him by the judg-
ment-roll in the former action which he sought to introduce
in evidence, no reason is apparent, in view of what we have
said, why he can be held to have become the equitable owner
of the property.  The finding of the trial court that plaintiff
is not the "equitable or any owner of said premises, or any
part thereof" would thus be necessarily sustained by the evi-
dence, even though the judgment-roll in the former action
had been admitted.  If plaintiff now has any right in relation
to this property, such right would appear to be at most simply
that of a vendee in a contract for the sale and purchase of
real estate, who has not paid the purchase price.  Whether
or not he has any such right it is not necessary here to de-
termine, for no such claim was made by him in the lower
court, and manifestly this is not an action for the specific
performance of a contract.  But certainly, in view of the
adjudication in the former action as to the want of legal title
in him, and his failure to show matters essential to make
him the owner in equity of the property, he has no other right
or claim.

In view of what we have said we can perceive no reason why the judgment should be disturbed in so far as it simply denies plaintiff any relief, even though the findings as to the character (community or separate) of the property be erroneous, as we are satisfied is so as between plaintiff and Mrs. Hyatt. It still is true that other findings, sufficiently sustained by competent evidence, amply support the judgment that plaintiff take nothing by this action. In so far, however, as the judgment awards Mrs. Hyatt affirmative relief against plaintiff on her cross-complaint, it must be reversed, as must also the order denying plaintiff's motion for a new trial in so far as the issues made by such cross-complaint and the answer thereto on the part of plaintiff are concerned. This will leave the judgment in full force in so far as it denies plaintiff any relief, and in so far as it awards Mrs. Hyatt certain relief on her cross-complaint against her codefendant William J. Hyatt, who has not appealed.

The judgment is reversed in so far as it awards defendant Esther L. Hyatt affirmative relief against plaintiff, on her cross-complaint. In all other respects said judgment is affirmed. The order denying plaintiff's motion for a new trial is reversed in so far as it denies him a new trial of the issues made by the cross-complaint of said Esther L. Hyatt against him, and his answer thereto. In all other respects said order is affirmed.

Shaw, J., and Sloss, J., concurred.